IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: § | § Chapter 11 | |
| NIKISKI PARTNERS, LTD., § | § Case No. 09-39332 | |
| DEBTOR. § | § | |
| TODD PETERS; MALVIN D. PETERS, § | | |
| LYNETTE S. PETERS, AND § | | |
| THE M & L FAMILY LIMITED § | | |
| PARTNERSHIP § | | |
| Plaintiffs, § | | |
| vs. § | § Adversary No. 09-_____ | |
| PHILLIPE MULACEK; § | | |
| PETROLEUM INDEPENDENT AND § | | |
| EXPLORATION CORPORATION; § | | |
| INTEROIL CORPORATION; § | | |
| EP INTEROIL, LTD.; § | | |
| S.P. INTEROIL, L.D.C.; § | | |
| P.I.E. GROUP, LLC; § | | |
| NIKISKI PARTNERS, LTD.; § | | |
| AND COMMODITIES TRADING § | | |
| INTERNATIONAL CORPORATION § | | |
| Defendants. § | | |

## NOTICE OF REMOVAL

Defendant Nikiski Partners, Ltd. ("Nikiski"), as debtor and debtor-in-possession ("Debtor"), respectfully submits this Notice of Removal, removing the case styled *Todd Peters et al. v. Phillipe Mulacek et al.*, Cause No. 05-04-03592-CV, currently pending in the 284th Judicial District of Montgomery County, Texas, including all claims and causes of action therein (the "State Court Litigation"), to the United States District Court for the Southern District of Texas, Houston Division, for reference to the United States Bankruptcy Court for the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. §§ 1452 and 1334(b), and Rule 9027

of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  In support thereof, Nikiski states as follows:

**A.     The Debtor**

1.      The Debtor Nikiski Partners, Ltd. is a limited partnership organized under the laws of the State of Texas and it was formerly known as P.I.E. Refinery, Ltd.  The Debtor's general partner is Petroleum Independent and Exploration, LLC[1] ("P.I.E. Company").  P.I.E. Company's president is Phillipe Mulacek ("Mulacek").  The Debtor's limited partners are various investors that purchased "units" of the Debtor.  The contributions of the limited partners (via their purchase of the Debtor's units) enabled the Debtor to raise capital (approx. $2 million) for the purchase of a modular oil refinery (the "Refinery") from Chevron on or about April 1, 1994.

2.      Ownership of the Refinery was later transferred to P.I.E. Group, LLC ("P.I.E. Group"), a Delaware limited liability company created by Mulacek and the Debtor's general partner, P.I.E. Company   The Debtor owns approximately 1,213,580 units in P.I.E. Group., and the Debtor's P.I.E. Group units is the only significant asset of the Debtor.

3.      The Refinery was eventually transferred from P.I.E. Group to SP InterOil, L.D.C. ("SP InterOil"), a Bahamian company created by Mulacek and P.I.E. Company. The Debtor's only asset is its P.I.E. Group units and the Debtor has an indirect ownership interest in SP InterOil because P.I.E. Group has an ownership interest in SP InterOil.

4.      Mulacek and P.I.E. Company subsequently developed a mechanism by which ownership interests in SP InterOil could be converted into shares of a public corporation called

---

[1] Formerly known as Petroleum Independent and Exploration Corporation.  The change from a corporation to a limited liability company was effective on or about June 1, 2008.

InterOil Corporation ("InterOil").[2]  Without this conversion, the units owned by the Debtor would have little value because there is little to no equity in the Refinery.  The stock price of InterOil is driven by the discovery of gas on licenses granted by the government of Papua New Guinea.  But because there is no demand for gas in Papua New Guinea, InterOil is seeking outside partners to invest $4 to $5 billion in an LNG plant. The Debtor's only significant asset is its P.I.E. Group units and the right to receive InterOil stock in the future.

**B.     The State Court Litigation**

5.     The State Court Litigation was filed by Plaintiffs Todd Peters, Lloyd Tisdale, LTPT, LLC, Jack Farris, Ken Walker, Mohammad Shafiq, Howell Wiesner, Chandrakant Patel, Rasik & Pushpa Patel, A. Dearl Dotson and the A. Dearl Dotson Family LP, John Crawford and Crawford Oil Company, Benjamin Hughes, Judith Hughes and B&J Hughes Ventures, Ltd., David Graumlich, Fred and Joan Brown, Molibari International and its managing member, Gordon Glade, Paul Scott Hughes and Cathy Hughes, Don Edd Wiesner, and James Jordan Group (James Jordan).

6.     Plaintiffs derivatively assert a variety of claims on behalf of the Debtor against P.I.E. Company, Mulacek and various the other Defendants.  Plaintiffs have alleged that certain acts of the Defendants prevented the Plaintiffs from converting their interests in the Debtor into freely tradeable shares of the public company InterOil Corporation.  The Plaintiffs also allege that P.I.E. Company, Mulacek, and various other entities, committed a laundry list of "bad acts", including securities fraud, actual fraud, investor oppression, breach of contract, and breach of

---

[2] InterOil is company developing a vertically integrated energy business whose assets are located in Papua New Guinea.  InterOil's assets consist of petroleum licenses covering about 8 million acres, an oil refinery, and retail and commercial distribution facilities, all located in Papua New Guinea.  In addition, InterOil is a shareholder in a joint venture established to construct an LNG plant on a site adjacent to InterOil's refinery in Port Moresby, Papua New Guinea.  InterOil is headquartered in Cairns, Australia and has offices in Houston, Texas, Port Moresby, Papua New Guinea and Singapore.  InterOil's common shares trade on the New York Stock Exchange under the symbol "IOC."

fiduciary duty. The Plaintiffs also alternatively allege that they personally own some or all of the claims derivatively asserted in the State Court Litigation.

7. To the extent the Plaintiffs in the State Court Litigation are derivatively asserting causes of action that belong to the Debtor, those causes of action are now property of the Debtor's estate. Plaintiffs have asserted and appear to understand that the claims they allege likely belong to the Debtor (and perhaps not to the individual Plaintiffs), but they bring them derivatively because they believe the Debtor will not pursue claims against itself or it's insiders and/or related entities.

**C.     Grounds for Removal**

8. On December 4, 2009, the Debtor filed a voluntary petition under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") commencing the reorganization case that is currently pending before the Honorable Marvin Isgur, United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of Texas (the "Chapter 11 Case"). The Chapter 11 Case is styled *In re Nikiski Partners, Ltd.*, Case No. 09-39332.

9. Pursuant to this Notice of Removal, Nikiski exercises its right under 28 U.S.C. § 1452(a) to remove the State Court Litigation because it is related to the Chapter 11 Case. Pursuant to 28 U.S.C. § 1452(a), any party to a claim or cause of action may remove the claim or cause of action to the Federal District Court where such civil action is pending if such District Court has jurisdiction of such claim or cause of action under 28 U.S.C. § 1334. Section 1334 provides that the "district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in *or related to cases under title 11*." 28 U.S.C. § 1334(b) (emphasis added).

10. The standard for "related to" jurisdiction is broad. "Cases 'related to' the bankruptcy case are those whose outcome could have any conceivable effect on the estate being administered in bankruptcy." *In re Morrison*, 555 F.3d 473, 479 (5th Cir. 2009).

11. The State Court Litigation is plainly related to the Chapter 11 Case. First, the derivative claims and causes of action asserted in the State Court Litigation are property of Nikiski's estate. Second, the outcome of the State Court Litigation will directly affect Nikiski's ability to successfully reorganize because the value of the Debtor's only significant asset, P.I.E. Group units, is based upon the value of InterOil stock which will significantly decline if the Plaintiffs obtain a judgment in the State Court Litigation because the Plaintiffs have named as defendants at least three (3) other parties whose profitability and business success directly influence the value of the Debtor's P.I.E. Group units.

12. First, the Plaintiffs have named P.I.E. Group as a defendant in the State Court Litigation. A judgment against P.I.E. Group will significantly and directly reduce the value of the Debtor's P.I.E. Group units. Second, the Plaintiffs have named SP InterOil as a Defendant in the State Court Litigation. A judgment against SP InterOil will negatively affect the value of the Debtor's P.I.E. Group units because P.I.E. Group's most significant asset is its ownership interest in SP InterOil (the current owner of the Refinery) and its right to receive 1.2 million shares of InterOil in the future. Finally, the Plaintiffs have named InterOil as a defendant in the State Court Litigation. As discussed above, InterOil, a corporation publicly traded on the New York Stock Exchange, was created to provide a mechanism by which ownership interests in SP InterOil could be converted into shares of a public company and then liquidated on the open market. A sizeable judgment against InterOil will cause the price of InterOil stock to sharply decline and will substantially impair InterOil's ability to sell securities or attract outside

investors.  Therefore, a judgment against InterOil would reduce the value of the Debtor's P.I.E. Group units because the value that P.I.E. Group derives from being able to convert its interest in SP InterOil into stock of InterOil would significantly decline as a result of lower stock prices.  Accordingly, the outcome of the State Court Litigation will significantly affect Nikiski's bankruptcy estate.

13.  The State Court Litigation constitutes a core proceeding.  *See* 28 U.S.C. § 157(b)(2)(A) and (O).  In the event that this Court determines that the State Court Litigation is non-core, the Debtor consents to the entry of final orders or judgment by the bankruptcy judge.

14.  This Notice of Removal is timely filed pursuant to Bankruptcy Rule 9027 because it is filed within "90 days after the order for relief in the case." Bankruptcy Rule 9027(a)(2).

15.  Pursuant to BLR 9027(a)(i), the names and addresses of all of the parties are as follows:

> Plaintiffs:
> **Todd Peters, Lloyd Tisdale, LTPT, LLC, Jack Farris, Ken Walker**
> **Mohammad Shafiq, Howell Wiesner, Chandrakant Patel, Rasik & Pushpa Patel, A. Dearl Dotson and the A. Dearl Dotson Family LP**
> **John Crawford and Crawford Oil Company, Benjamin Hughes, Judith Hughes and B&J Hughes Ventures, Ltd., David Graumlich**
> **Fred and Joan Brown, Molibari International and its managing member, Gordon Glade, Paul Scott Hughes and Cathy Hughes, Don Edd Wiesner**
> **James Jordan Group**
> c/o their counsel:
> Thomas M. Farrell
> Bradley W. Hoover
> Nickens Keeton Lawless Farrell & Flack LLP
> 600 Travis St., Ste 7500
> Houston, Texas  77002
> 713-571-9191
>
> and
>
> M.A. Mills
> The Mills Law Firm
> 2100 West Loop South, Suite 1100

Houston, Texas 77027
713-572-7000

Defendants:

**P.I.E. Group, LLC and Nikiski Partners, Ltd. c/o**
**c/o their counsel**
William C. Boyd
S. Scott Boyd
Patterson, Boyd & Lowery, PC
2101 Louisiana Street
Houston, Texas 77002
713-222-0351

**Phillipe Mulacek and Petroleum Independent and Exploration Corporation**
**c/o their counsel**
**Joe C. Holzer**
Andrews Kurth LLP
600 Travis, Suite 4200
Houston, Texas  77002
713-220-4200

**Interoil Corporation, EP Interoil, Ltd., and S.P. Interoil, L.D.C.**
**c/o their counsel**
Michael T. Powell
Kirk L. Worley
Yasser A. Madriz
Haynes and Boone, LLP
1221 McKinney Street, Suite 2100
Houston, Texas 77010
713-547-2000

As required by Local Rule 9027(a)(ii), service of process has been accomplished on all parties.  As required by Local Rule 9027(a)(iii), the names, addresses and telephone numbers of the parties' counsel are set forth above.

16. In accordance with 28 U.S.C. § 1447 and Bankruptcy Rule 9027(a), copies of all process and pleadings filed in the State Court Litigation have been filed contemporaneously herewith and attached hereto as **Exhibit A**.

17. Furthermore, in accordance with 28 U.S.C. § 1446 and Bankruptcy Rules 9027(b) and 9027(c), the Debtor is contemporaneously serving a copy of this Notice of Removal on all parties to the State Court Litigation, and filing a copy of this Notice of Removal with the clerk of the court presiding over the State Court Litigation.

18. This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). Nikiski consents to the entry of a final judgment by the Bankruptcy Court.

## PRAYER

WHEREFORE, the Debtor respectfully requests that the above referenced State Court Litigation pending in the 284th Judicial District of Montgomery County, Texas, including all claims and causes of action thereto, be removed in its entirety to this Court pursuant to 28 U.S.C. § 1452(a) and Bankruptcy Rule 9027. The Debtor also requests such other and further relief as may be just and proper.

Dated: December 4, 2009

        Respectfully submitted,

        **BRACEWELL & GIULIANI LLP**

    By:  /s/ William A. (Trey) Wood, III
        William A. (Trey) Wood, III
        Texas Bar No. 21916050
        Trey.Wood@bgllp.com
        Marcy E. Kurtz
        Texas Bar No. 11768600
        Marcy.Kurtz@bgllp.com
        Chris S. Tillmanns
        Chris.Tillmanns@bgllp.com
        Texas Bar No. 24060730

                                      711 Louisiana, Suite 2300
                                      Houston, Texas 77002
                                      Telephone:     (713) 223-2300
                                      Facsimile:       (713) 221-1212

                                      **PROPOSED ATTORNEYS FOR**
                                      **NIKISKI PARTNERS, LTD.**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the above and foregoing instrument has been served on the parties listed in the attached Service List via electronic means as listed on the court's ECF noticing system or by regular U. S. First Class Mail (without attachments) on this 4th day of December, 2009.

                                        By: /s/ William A. (Trey) Wood, III
                                               William A. (Trey) Wood, III