RECEIVED AND FILED
FOR RECORD
O'CLOCK

SEP 2 8 2009

BARBARA ADAMICK
DISTRICT CLERK
MONTGOMERY COUNTY, TEXAS
BY _____

NO. 05-04-03592-CV

| TODD PETERS, et al. | § | IN THE DISTRICT COURT OF |
| | § | |
| vs. | § | MONTGOMERY COUNTY, TEXAS |
| | § | |
| PHILLIPE MULACEK, et al. | § | 284TH JUDICIAL DISTRICT |

## ORIGINAL ANSWER OF DEFENDANT
## PETROLEUM INDEPENDENT & EXPLORATION, LLC

Defendant Petroleum Independent & Exploration, LLC ("PIE LLC) files this Original Answer in response to Plaintiff's Tenth Amended Original Petition as follows:

1.     Defendant PIE LLC denies each and every allegation made by Plaintiff and demands strict proof thereof.

2.     Defendant PIE LLC denies that it is liable in the capacity in which it has been sued.

3.     Defendant PIE LLC denies that Plaintiff has standing to bring this cause of action. The standing to bring such claims exists with other third parties and/or entities and not Plaintiff, and such claims have not been assigned or otherwise transferred to Plaintiff. Alternatively, Defendant PIE LLC denies that Plaintiff has standing to bring this cause of action in his individual capacity.  Alternatively, Plaintiff lacks standing to bring a derivative action for the acts and omissions complained of.  Alternatively, Plaintiff has not satisfied all conditions precedent to filing such claims including solicitation of a vote of the Limited Partners of Nikiski Partners, Ltd.

4.     Defendant PIE LLC denies that it owes fiduciary duties to Plaintiff. Alternatively, Defendant PIE LLC denies that is has breached any duties owed to Plaintiff,

Original Answer of Defendant Petroleum Independent & Exploration, LLC – Page 1

HOU:2960320.1

if any.  Alternatively, if Defendant PIE LLC breached any duty, Plaintiff has sustained no damages as a result therefrom.  Alternatively, Defendant PIE LLC denies that any breach of a duty has proximately caused any damages to Plaintiffs.  Alternatively, Plaintiff has waived the right to recover and/or is estopped from recovering.  Alternatively, Plaintiff is guilty of laches that bars Plaintiff's right to recover.

5.    Defendant PIE LLC denies that Plaintiff is entitled to recover reasonable and necessary attorney fees.  Alternatively, the amount of attorney fees is not reasonable or necessary.

6.    The filing of Plaintiff's claim is frivolous.  There is no basis at law or fact for filing this claim.  Plaintiff's filing violates Chapter 10, Tex. Civ. Prac. & Rem. Code, and violates Rule 13, Tex. R. Civ. P.  As a proximate result of the frivolous filing, Defendant PIE LLC has suffered damages and has incurred costs and attorney fees, for which the Defendant PIE LLC seeks relief.  Alternatively, Defendant PIE LLC is entitled to recover its expenses and attorney fees under § 10.04 of the Texas Revised Limited Partnership Act (the "Partnership Act").  The 1993 amendment to the Partnership Act, effective January 1, 1994, governs the claims made in this case.  Under that amended Act, there is no general fiduciary duty of a general partner to limited partners.  Assuming no disclaimer, partners only owe each other a duty of loyalty.  A partner is not a trustee and does not owe trustee duties to other partners.

7.    Plaintiff's claims are barred by the statute of limitations.

8.    Plaintiff's claims are barred by the doctrine of laches.

9.     Plaintiff has  failed to mitigate Plaintiff's damages, if any, allegedly suffered by Plaintiff.

10.     Plaintiff has released all claims against Defendant PIE LLC.  All derivative claims have been released by Defendant Nikiski Partners Ltd.  Defendant Nikiski has not authorized the filing of a Derivative Claim on behalf of Defendant Nikiski Partners Ltd. by Plaintiff and Defendant Nikiski Partners Ltd. has expressly refused to authorize such suit.

11.     Plaintiff is estopped from recovering from Defendant PIE LLC.

12.     Plaintiff has waived his claims against Defendant PIE LLC.

13.     Defendant PIE LLC denies that it is guilty of fraud, denies that it has made misrepresentations to Plaintiff and/or failed to disclose material facts to Plaintiff, and denies that it has concealed any material information from Plaintiff.  Alternatively, Defendant PIE LLC denies that Plaintiff did rely, or could have justifiably relied, upon any alleged fraud committed by Defendant PIE LLC.  Alternatively, Defendant PIE LLC denies that Plaintiff suffered any detriment from relying upon any alleged fraud by Defendant.  Alternatively, Defendant PIE LLC denies that Plaintiff has suffered any damages proximately caused by any fraud allegedly committed by Defendant.

14.     Plaintiff has not satisfied all of the elements of his various causes of action. Plaintiff did not rely upon any false statement or omission when he paid for Nikiski partnership interests in 1994.  There was no sale or purchase of a security after 1994.

15.     Alternatively, if Defendant PIE LLC is found to have committed any wrongful acts, then Plaintiff has accepted the benefit of all such alleged acts and omissions of Defendant PIE LLC, Plaintiff has expressly or impliedly ratified all of the alleged

wrongful acts and/or has waived any right to recover against Defendant PIE LLC and Plaintiff is estopped from recovering.

16.     Plaintiff's claims are barred by the parol evidence rule. Plaintiff attempts to vary the terms of written documents by parol evidence.

17.     Plaintiff's claims are barred by the statute of frauds to the extent that those claims depart from the express language of the partnership agreement.

18.     Plaintiff's claims arising out of the sale of the refinery owned by Nikiski Partners Ltd. are barred by the statute of limitations, waiver, ratification, laches, and estoppel. Plaintiff approved the sale of the refinery in 1996, more than four years prior to the filing of this suit. Plaintiff received the benefits of the sale. Plaintiff knowingly participated in the sale. The sale was approved by 100 percent of all partners, including Plaintiff. The sale was in accordance with the Partnership Agreement of Nikiski Partners Ltd. The limited partnership has an express provision allowing partners to directly compete with the partnership, which is an effective disclaimer, release and waiver of any rights asserted by Plaintiff. Plaintiff is estopped by his agreement and his acceptance of benefits from the partnership. The acceptance of benefits is a ratification of the acts which Plaintiff now claims are unlawful. All remaining claims of Plaintiff against Defendant PIE LLC arise out of or are based upon the sale of the refinery. Those claims are likewise barred. Alternatively, Plaintiff lacks standing to bring such claims. Further, Plaintiff has suffered no damages from the acts alleged. The refinery has made no profit and likely will not make a profit. Having a larger share of a loss is still a loss.

19.    Defendant PIE LLC had no obligation to contribute any property to the partnership beyond the Nikiski refinery equipment.  Notwithstanding the fact that it had no duty, Defendant structured the rights of the partnership so that the partners would share in the upside of the oil and gas interests in PNG, which has created 100 percent of the value of the limited partnership interests.

20.    At all material times, Plaintiff was a sophisticated business investor.  Alternatively, Plaintiff represented to Defendant that Plaintiff was a sophisticated investor.  Plaintiff at no time relied or indicated that he would rely upon business advice by Defendant.  Plaintiff made his own business decisions.  Defendant had no duty to advise Plaintiff with respect to business decisions.  Plaintiff cannot justifiably rely upon alleged advice from Defendant with respect to business decisions, especially decisions regarding the formation of Nikiski Partners, Ltd.  As a matter of law, claims regarding formation of Defendant Nikiski Partners Ltd. are barred.  Plaintiff cannot have suffered damages because he could not have relied upon any business advice.

21.    Plaintiff has ratified, adopted, approved and accepted the benefits of the alleged wrongful acts of Defendant PIE LLC.  Plaintiff's claim are barred by the doctrine of ratification and waiver.

22.    Defendant PIE LLC denies that it has acted with malice and denies that Plaintiff is entitled to recover exemplary damages.

23.    Defendant PIE LLC denies that there exists a contract between it and Plaintiff.  Defendant PIE LLC denies that it has breached any contract with Plaintiff.  Defendant PIE LLC denies that Plaintiff has suffered any damages proximately caused by

a breach of contract by Defendant. Alternatively, any breach by Defendant PIE LLC is excused because of an anticipatory repudiation and/or breach by Plaintiff, and by estoppel, waiver, and lack or failure of consideration.

24.   Defendant PIE LLC denies that the transactions made the basis of Plaintiff's complaints are governed by alleged security laws. Alternatively, the transactions are exempted or the laws are otherwise not applicable. Alternatively, Defendant PIE LLC denies that it has violated any security laws. Alternatively, Defendant PIE LLC denies that Plaintiff has standing to complain about any alleged violation. Alternatively, Defendant PIE LLC denies that Plaintiff has suffered damages caused by any such violation. Alternatively, Plaintiff failed to disclose to Defendant PIE LLC material facts so that it could properly determine if the security laws were applicable.

25.   Defendant PIE LLC denies that it is guilty of statutory fraud, denies that the transactions made the basis of Plaintiffs complaints involve the sale of Stock to Plaintiff, and denies that the statutory fraud doctrine is applicable. Alternatively, Defendant PIE LLC denies that Plaintiff has suffered any damages proximately caused by its alleged statutory fraud.

26.   Defendant PIE LLC denies that Plaintiff is an investor with respect to Defendant PIE LLC. Alternatively, Defendant PIE LLC denies that it is guilty of investor oppression. Alternatively, Defendant PIE LLC denies that the doctrine of investor oppression is applicable. Alternatively, Defendant PIE LLC denies that it has committed oppression of any investor, including Plaintiff. Alternatively, Defendant PIE LLC denies

that Plaintiff has suffered any damages proximately caused by its alleged investor oppression.

27.     Defendant PIE LLC denies that it is guilty of civil conspiracy. Alternatively, Defendant PIE LLC denies that Plaintiff has suffered any damages proximately caused by civil conspiracy. For purposes of this Answer, Defendant PIE LLC adopts each and every defense set forth herein for purposes of claiming that neither Defendant PIE LLC nor any alleged co-conspirator of Defendant PIE LLC has committed any wrongful acts or omissions as to Plaintiff.

28.     Defendant PIE LLC denies that Plaintiff is entitled to rely upon the discovery rule or any other excuse for tolling limitations. Plaintiff either knew of the wrongs allegedly committed by Defendant PIE LLC, or with reasonable diligence could have discovered the wrongs in sufficient time to file suit before the expiration of limitations. As a matter of law, Plaintiff is guilty of lack of diligence in discovering any alleged wrongs about which Plaintiff now complains.

29.     Plaintiff's claims are barred by the business judgment rule.

30.     Plaintiff's claims are barred by proportionate responsibility as set out in §§ 33.001, et. seq., Tex. Civ. Prac. & Rem. Code. Defendant avails itself of the exception to joint and several liability afforded by Tex. Civ. Prac. & Rem. Code Ann. § 33.013.

31.     Defendant PIE LLC is entitled to an offset against all of Plaintiff's claims and/or damages.

32.     Defendant PIE LLC is entitled to indemnity from Plaintiff.

33.     The Nikiski limited partnership agreement provides that the sole purpose of the partnership is to acquire the Nikiski Refinery in Alaska and expressly allows defendants to enter into the transactions which Plaintiff alleges are wrongful:

> The sole purpose of the Partnership is to acquire the Nikiski Refinery in Alaska, prepare it for resale, or convert such partnership ownership for partial equity holdings in a new financial instrument that would relocate, modify, and operate said refinery at a new location.
>
> . . . . .
>
> Each Partner may engage in, invest in, participate in, or otherwise enter into, any other businesses or professions of every nature and description, now or hereafter existing, individually or with others including other Partners, whether or not such businesses or professions compete directly with the Partnership. Neither the Partnership nor any other Partner shall have any rights in or to any such business or profession or the income or profits thereof.

34.     Plaintiff has ratified any allegedly wrongful conduct by accepting and retaining the benefits of the allegedly wrongful conduct.

**WHEREFORE, PREMISES CONSIDERED,** Defendant PIE LLC prays that Plaintiff take nothing by its cause of actions, that Defendant recover its damages, costs, expenses and attorney fees, prejudgment and post-judgment interest, and such other and further relief to which Defendant may show itself justly entitled.

Original Answer of Defendant Petroleum Independent & Exploration, LLC – Page 8

Respectfully submitted,

ANDREWS KURTH LLP

By _____

      Joe C. Holzer
      State Bar No. 09933800
      600 Travis, Suite 4200
      Houston, Texas 77002
      Telephone:  713-220-4172
      Facsimile:  713-238-7278

ATTORNEYS FOR DEFENDANTS,
PHILLIPE MULACEK and PETROLEUM
INDEPENDENT AND EXPLORATION
CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on the following counsel of record on this 25th day of September, 2009:

Thomas M. Farrell
Nickens Keeton Lawless Farrell & Flack
600 Travis Street, Suite 7500
Houston, Texas 77002
**Attorneys for Plaintiffs, Todd Peters,
Individually and on behalf of Nikiski
Partners Ltd.**
*Via Facsimile 713-571-9652*

M. A. Mills P.C.
2100 West Loop South, Suite 1100
Houston, Texas 77027
**Attorneys for Plaintiffs, Todd Peters,
Individually and on behalf of Nikiski
Partners Ltd.**
*Via Facsimile 713-572-7010*

William C. Boyd
S. Scott Boyd
Patterson, Boyd & Lowery, P.C.
2101 Louisiana
Houston, Texas 77002
**Attorneys for Defendants Nikiski Partners
Ltd. and PIE Group, LLC**
*Via Email wboyd@pattersonboyd.com*

Kirk L. Worley
Michael T. Powell
Yasser A. Madriz
Haynes & Boone LLP
1221 McKinney, Suite 2100
Houston, Texas 77010-2020
**Attorneys for Defendants Interoil
Corporation, EP Interoil, Ltd. and S.P.
Interoil L.D.C.**
*Via Email kirk.worley@haynesboone.com*

Joe C. Holzer