

NO. 05-04-03592-CV

| | | |
|---|---|---|
| TODD PETERS, INDIVIDUALLY; AND MALVIN D. PETERS AND LYNETTE S. PETERS, AS PARTNERS OF THE M & L FAMILY LIMITED PARTNERSHIP | § § § § § § | IN THE DISTRICT COURT OF |
| V. | § § | |
| PHIL MULACEK, INDIVIDUALLY; PHIL MULACEK, AS PRESIDENT OF PETROLEUM INDEPENDENT AND EXPLORATION CORPORATION; PHIL MULACEK, AS CHAIRMAN OF THE BOARD, PRESIDENT AND CHIEF EXECUTIVE OFFICER OF INTEROIL CORPORATION; PHIL MULACEK, AS DIRECTOR OF EP INTEROIL, LTD.; P.I.E., CORPORATION, AS SOLE GENERAL MANAGER OF S.P. INTEROIL, L.D.C.; P.I.E., AS SOLE MANAGER OF P.I.E. GROUP, INC., P.I.E., AS GENERAL PARTNER OF NIKISKI PARTNERS; LTD.; P.I.E. AS GENERAL PARTNER OF REFINERY PARTNERS, LTD., AND P.I.E. CORPORATION, AS GENERAL PARTNER OF P.I.E. REFINERY, LTD. | § § § § § § § § § § § § § § § § § § § § § § § § § | MONTGOMERY COUNTY, TEXAS<br><br><br><br><br><br><br><br><br><br><br><br>284TH JUDICIAL DISTRICT |

[Stamp: RECEIVED AND FILED FOR RECORD AT ____ O'CLOCK ____ M  SEP 0 2 2005  BARBARA GLADDEN ADAMICK DISTRICT CLERK MONTGOMERY COUNTY, TEXAS  BY ____ DEPUTY]

**DEFENDANTS' ORIGINAL ANSWER, COUNTERCLAIM AND REQUEST FOR DISCLOSURES**

1.  **PARTIES.**

    A.  TODD PETERS, INDIVIDUALLY AND MALVIN D. PETERS AND LYNETTE S. PETERS, AS GENERAL PARTNERS OF THE M & L FAMILY

- 1 -

LIMITED PARTNERSHIP are "Plaintiffs". Plaintiffs are represented by Mr. Brett Wagner (TBA# 20654270) of Doherty, Long & Wagner, 13810 Champion Forest Drive, Suite 225, Houston, Texas 77069 (Phone: 281/583-7755/Fax: 281/583-2093).

B. PHIL MULACEK, INDIVIDUALLY; PHIL MULACEK, AS PRESIDENT OF PETROLEUM INDEPENDENT AND EXPLORATION CORPORATION; PHIL MULACEK, AS CHAIRMAN OF THE BOARD, PRESIDENT AND CHIEF EXECUTIVE OFFICER OF INTEROIL CORPORATION; PHIL MULACEK, AS DIRECTOR OF EP INTEROIL, LTD.; P.I.E., CORPORATION, AS SOLE GENERAL MANAGER OF S.P. INTEROIL, L.D.C.; P.I.E., AS SOLE MANAGER OF P.I.E. GROUP, INC., P.I.E., AS GENERAL PARTNER OF NIKISKI PARTNERS; LTD.; P.I.E. AS GENERAL PARTNER OF REFINERY PARTNERS, LTD., AND P.I.E. CORPORATION, AS GENERAL PARTNER OF P.I.E. REFINERY, LTD. are collectively referred to as "Defendants". Defendants are represented by Mr. William C. Boyd (TBA# 02779000) and Mr. S. Scott Boyd (TBA# 24026909) of Patterson, Boyd & Lowery, P.C., 2101 Louisiana, Houston, Texas 77002 (Phone: 713/222-0351/Fax: 713/759-0642).

2. **BACKGROUND.**

Plaintiff has filed Plaintiff's Original Petition, Request for Accounting and Request for Disclosures. This is Defendants' Original Answer, Request for Disclosures and Counterclaim.

Q:\User3\M-Z\NIKISKI.ANSWER.doc

3. **ANSWER.**

   A.   Defendants deny each and every allegation made by Plaintiffs and demands proof.

   B.   Defendants deny that they are liable in the capacity sued.

   C.   Defendants deny that Plaintiffs have standing to bring this cause of action. Alternatively, Defendants deny that Plaintiffs have standing to bring this cause of action in Plaintiffs' individual capacities.

   D.   Defendants deny that Plaintiffs are entitled to an accounting. Alternatively Defendants deny that Plaintiffs are entitled to an accounting with respect to each of the Defendants. Alternatively, Defendant says that all accounting which Plaintiffs are entitled have been previously provided voluntarily by said Defendants. Defendants deny that with respect to those entities for which Plaintiffs are entitled to an accounting, Plaintiffs have been given ample opportunity to inspect all records and Defendants deny that Plaintiffs have not been allowed to inspect partnership records or that Plaintiffs have been denied access to files and records kept by partnerships in which Plaintiffs have a partnership interest.

   E.   Defendant Phil Mulacek, individually and as President of Petroleum Independent Exploration Company, as Chairman of the Board and President and Chief Executive Officer of Interoil Corp., as Director of EP Interoil Ltd. denies that he owes any duty to Plaintiffs including the duty to provide records. Defendant Phil Mulacek's duty, if any is owed to the partnership or corporate entities.

F. Petroleum Corporation, Interoil Corporation, EP Interoil Ltd., SP Interoil LDC, PIE Group Inc., Refinery Partners Ltd. (which Defendants believe has been misnamed and that the correct name is Refinery Project Ltd.) and PIE Refinery Ltd. all deny that they owe a duty of any kind to Plaintiffs and specifically owe a duty to provide records for inspection and copying.

G. Defendants have filed this Answer on behalf of Refinery Partners Ltd. under the impression that Plaintiff has misnamed this Defendant and that Plaintiffs intended to name Refinery Project Ltd. Defendants are unaware of an entity named Refinery Partners Ltd.

H. Defendants have filed an Answer on behalf of PIE Refinery Ltd. PIE Refinery Ltd. no longer exists. The entities name was changed to Nikiski Partners Ltd. and PIE Refinery Ltd. no longer exists but has continued under the new name Nikiski Partners Ltd.

I. Defendant Refinery Project Ltd. assuming that the reference in Plaintiff's pleadings to Refinery Partners Ltd. is a misnomer, denies that it owes any duties to Plaintiffs. This entity was terminated in approximately 1997. At the time of termination, Plaintiff who owned interests in that entity received all benefits due and owing to the Plaintiffs. The benefits were accepted by Plaintiffs in full final settlement of any claims against Refinery Project Ltd. To the extent any claims exists, the claims are barred by limitations or by the doctrine of accord and satisfaction or by the doctrine of novation.

J. Defendants deny that Plaintiffs are entitled to recover reasonable and necessary attorney fees under Texas Civil Practice & Remedies Code §37 because this is

not a declaratory Judgment action. Defendants deny that Plaintiffs are entitled to recover reasonable and necessary attorney fees under Chapter 38 of the Texas Civil Practice & Remedies Code because Plaintiff's claim is not for breach of a contract or sworn account. Finally, Defendants deny that Plaintiffs are entitled to recover reasonable and necessary attorney fees under Chapter 10.05 of the Texas Revised Limited Partnership Act because this is not a derivative action and §10 of the Act is not applicable. Alternatively, if Plaintiffs' claim is a derivative action, then Defendants are entitled to recover reasonable and necessary attorney fees under §10.04 of the Revised Act.

K.  The filing of Plaintiffs' claim is frivolous. There is no basis at law or fact for filing this claim. Plaintiff's filing violates Chapter 10 of the Texas Civil Practice & Remedies Code and violates Rule 13 of the Texas Rules of Civil Procedure. As a result of the frivolous filing, Defendants are entitled to an offset for their expenses and reasonable and necessary attorney fees. Alternatively, Defendants are entitled to recover their expenses and attorney fees under §10.04 of the Revised Limited Partnership Act.

L.  Defendants claim that all of Plaintiffs' causes of actions, if any, are barred by the Statute of Limitations.

M.  Defendants claim that all of Plaintiffs' cause of actions, if any, are barred by the Doctrine of Laches.

N.  Plaintiffs have failed to mitigate damages, if any, allegedly suffered by Plaintiffs.

O.  Defendants deny that Defendants have failed to provide an accounting or inspection of records to Plaintiffs or any entity for which Plaintiffs are entitled to receive such records.

4.  **COUNTERCLAIM.**

A.  Plaintiffs are being provided a copy of this Counterclaim pursuant to Rule 21 of the Texas Rules of Civil Procedure by serving their attorney of record, Brett Wagner by fax at 281/583-2093.

B.  **BACKGROUND.**

Plaintiffs own a limited partnership interest in Nikiski Partners Ltd. Nikiski Partners Ltd. was previously known as PIE Refinery Ltd. To Defendants' knowledge, Plaintiffs do not own any interests, directly, in Petroleum Independent Exploration Corp., Interoil Corp., EP Interoil Ltd., SP Interoil LDC, or Refinery Project Ltd. Further, Plaintiffs have elected not to sue the entities but instead have sued Phil Mulacek an officer of the entities. Plaintiffs knew or should have known that Phil Mulacek, as an officer, did not owe any duties to Plaintiffs. The duties, if any, were owed by the entities to Plaintiffs but only if Plaintiffs directly own stock or a partnership interest in the entities. In spite of this knowledge, Plaintiffs have elected to sue Phil Mulacek. The purpose of Plaintiffs' lawsuit is simply to harass and burden Phil Mulacek. There is no basis for Plaintiffs to sue Phil Mulacek either individually or in his representative capacity. The filing violates Rule 13 of the Texas Rules of Civil Procedure and Chapter 10 of the Texas Civil Practice & Remedies Code. Also, to the extent Plaintiff intends that Plaintiffs' suit be a derivative action, Plaintiffs' filing violates §10 of the Revised Limited Partnership Act, and

Q:\User3\M-Z\NIKISKI.ANSWER.doc

Defendants are entitled to expenses and attorney fees. All conditions precedent to suit, to recovery of damages and attorney fees have been performed.

C. **CAUSES OF ACTION.**

(1) **TRCP 13 Violation**

The filing of Plaintiffs' suit against Phil Mulacek individually and in his representative capacities and against the entities made the basis of Plaintiffs' suit are frivolous. There is no basis at law or fact for Plaintiffs' causes of action. As a result of the frivolous filing, Defendants have suffered damages, incurred expenses and incurred reasonable and necessary attorney fees for which they are entitled to relief. Defendants request recovery of expenses and attorney fees in an amount determined by the trier of fact.

(2) **Tex. Civ. Prac. & Rem. Code §10**

Plaintiffs knew or should have known that Plaintiffs' had no cause of action against Defendant Phil Mulacek or the Defendant entities. Plaintiffs filing violates Chapter 10 of the Tex. Civ. Prac. & Rem. Code. Defendants are entitled to recover expenses and attorney fees.

5. **REQUEST FOR DISCLOSURES.**

Defendants request that Plaintiffs file written responses to Request for Disclosures pursuant to Rule 194.(a-1) Texas Rules of Civil Procedure.

6. **PRAYER**

Defendants request that Plaintiffs take nothing by Plaintiffs' cause of actions; that Defendants recover their expenses and attorney fees; and that Defendant have such other and further relief to which Defendants may show themselves entitled.

Respectfully submitted,

PATTERSON, BOYD & LOWERY, P.C.

By: _____
William C. Boyd
TBA# 02779000
S. Scott Boyd
TBA# 24026909
2101 Louisiana
Houston, Texas 77002
Phone: 713/222-0351
Fax: 713/759-0642

Attorneys for Defendants,
PHIL MULACEK, INDIVIDUALLY;
PHIL MULACEK, AS PRESIDENT
OF PETROLEUM INDEPENDENT
AND EXPLORATION CORPORA-
TION; PHIL MULACEK, AS
CHAIRMAN OF THE BOARD,
PRESIDENT AND CHIEF
EXECUTIVE OFFICER OF
INTEROIL CORPORATION; PHIL
MULACEK, AS DIRECTOR OF
EP INTEROIL, LTD.; P.I.E.,
CORPORATION, AS SOLE
GENERAL MANAGER OF S.P.
INTEROIL, L.D.C.; P.I.E., AS SOLE
MANAGER OF P.I.E. GROUP,
INC., P.I.E., AS GENERAL
PARTNER OF NIKISKI
PARTNERS; LTD.; P.I.E. AS
GENERAL PARTNER OF
REFINERY PARTNERS, LTD.,
AND P.I.E. CORPORATION, AS
GENERAL PARTNER OF P.I.E.
REFINERY, LTD.

Q:\User3\M-Z\NIKISKI.ANSWER.doc

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded on this the 21 day of _____, 2005 to:

Mr. Brett Wagner
Doherty, Long & Wagner
13810 Champion Forest Drive
Suite 225
Houston, Texas 77069

_____
WILLIAM C. BOYD